# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **CHARLES CORNELIUS (Neil) CHENAULT, III,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | No. _____ |
| | ) | **6-Person Jury Demand** |
| **SUMNER COUNTY BOARD OF EDUCATION,** | ) | |
| **KATIE BROWN & SCOTT LANGFORD,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

Comes now the Plaintiff, Charles Cornelius (Neil) Chenault, III, and submits the following complaint against the Defendants herein by stating the following:

### *Introductory Statement*

This complaint is brought pursuant to 42 U.S.C §12132 and §1983 for the acts of the Defendants, who have engaged in a *civil conspiracy*, in banning the Plaintiff from school events open to the public solely because of (1) his disability in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. §12131 et seq., as enforced through the remedies provided in 29 U.S.C. §794a, and (2) depriving him of his fundamental right to assemble and speak as guaranteed by the First Amendment to the United States Constitution as enforced via §1983. Plaintiff seeks injunctive relief, damages and attorney fees.

## I. JURISDICTION AND VENUE

1. This Court maintains jurisdiction over this matter pursuant to 28 U.S.C. Section 1331 & 1343 which grants this Court jurisdiction over actions based on the Federal Constitution and the deprivation of a citizen's constitutional rights.

2. Venue is proper since all acts referred to herein occurred in Sumner County, Tennessee. 28 U.S.C. 1391(b)(2).

3. The amount in controversy is over $100,000.

1

## II. PARTIES

4. At all times relevant to the allegations contained herein, Plaintiff Charles Cornelius (Neil) Chenault, III, (Chenault) has been a resident of Sumner County, Tennessee.

5. At all times relevant to the allegations contained herein, the Sumner County School Board (Board) is and has been a duly authorized government agency of Sumner County, capable of, among other things, being sued for its violation of an individual's Federal statutory and constitutional rights.

6. At all times relevant to the allegations contained herein, Katie Brown, (Brown), has been employed by the Board as its "Executive Director of Student Supports and School Safety."

7. At all times relevant to the allegations contained herein, Scott Langford (Langford), has been employed by the Board as its "Director of Schools" responsible for, among other things, the administration of Board policy.

## III. COLOR OF LAW

8. The action of the Board was performed under the "color of law" in as much it acted pursuant to its ostensible authority to regulate and monitor public events which involve schools under the jurisdiction of the Board.

## IV. BOARD POLICY

9. Board policy is established by the direct actions of the members of the Board as well as those persons that the Board has appointed to carry out their policies. The actions of Brown and Langford constitute the policy of the Board as related to the facts stated below.

## V. FACTS

10. Chenault is a 1982 graduate of Beech High School. He attended Hendersonville High School for his sophomore year ('79-'80), but was rezoned to Beech. While attending these schools, he participated in various sports and school sponsored activities. These schools are in Sumner County, Tennessee and are under the jurisdiction of the Board. He is and always has been an avid fan of various sporting events involving Sumner County schools. Over the years, he has attended various sporting events on a regular basis. While attending these events, he

2

enjoys associating and speaking with fellow fans and cheering the players/teams that are participating.

11. In 1990, Chenault was found to be fully disabled by the Social Security Administration. He suffers from Bipolar I disorder, has had manic episodes in the past, but his condition is controlled through medication. Chenault takes the medications prescribed by his physician as directed. His medications treat his condition effectively such that he poses no threat to himself or anyone else. Some people may describe Chenault as "socially awkward" as many of us may be.

12. During the Fall of 2025, Chenault became the subject of three petitions for orders of protection related to his interactions with three students enrolled in high schools under the jurisdiction of the Board. These petitions were heard by the Sumner County General Sessions Court in February 2026. Two of the petitions were "taken under advisement" for six months while the third petition was dismissed. There was no finding made by the Court that the petitioners had satisfied their burden of proof to sustain said petition.

13. On or about December 5, 2025, Chenault was attending a basketball game between Hendersonville and Station Camp at Station Camp High School, enjoying the game, cheering and speaking with fans next to him, when he was physically seized and escorted from the gymnasium by Sumner County deputies at the request of the Hendersonville High School Principal. There was no legal basis for the action of the deputies and their actions caused him great embarrassment.

14. On or about December 9, 2025, Brown, acting in accordance with her position with the Board, had a letter delivered to Chenault by Hendersonville Police stating, in pertinent part, "effective immediately and until further notice, you are not permitted to enter upon the property or campus of any Sumner County School or at any other location where a Sumner County School sponsored event is being held at the time. Violation of this notice will be considered trespassing and law enforcement will be notified." (See Exhibit A).

15. Brown's letter, (Exhibit A), was based upon the petitions for order of protection filed by the three students referred to in paragraph 10, above. There was no legal basis for Brown's prohibition. Chenault poses no threat to anyone.

16. On or about April 27, 2026, Chenault's attorney had the attached letter sent to Dr. Scott Langford, Director of Sumner County Schools, requesting that the prohibition against

3

Chenault attending Sumner County School public events be withdrawn. (Exhibit B). As of the filing of this complaint, no response has been received to this request.

## VI. CAUSE OF ACTION

17. The Defendants, jointly and severally, have engaged in a civil conspiracy to violate Chenault's right not to be "excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity" by reason of his disability in violation of 42 U.S.C.§12132 as enforced via 42 U.S.C.§12133 and 29 U.S.C.§794a. More specifically, the action of Brown (Exhibit A) ratified by Langford and the Board, has denied Chenault access to Sumner County School public events which gives him some of the greatest joy that remains in his life, given his disability. The Board is a "public entity" and school sporting events are "services, programs, or activities" that should be open to everyone—even if you have a disability. Langford and Brown created and carried out Board policy by their actions.

18. The Defendants, jointly and severally, have engaged in a civil conspiracy to violate Chenault's fundamental right to assemble and speak freely as guaranteed by the First Amendment to the United States Constitution which is enforced via 42 U.S.C. §1983. Chenault should be able to attend Sumner County sporting events, speak and associate with those in attendance, and cheer for the participants and teams. The Board's policy, as carried out by Langford and Brown, has denied Plaintiff these fundamental rights.

## VII. INJUNCTIVE RELIEF

19. The statutes cited in paragraphs 17 & 18 above provide, among other things, equitable relief in the form of injunctive relief. Chenault requests this Court to issue a permanent injunction prohibiting the Defendants from barring him from public events sponsored by or involving Sumner County schools based on his disability or any other purported reason and preventing him from exercising his right to assemble and speak.

4

## VIII.  DAMAGES & ATTORNEY FEES

20.  Chenault has suffered great embarrassment and loss from being denied access to the Sumner County school sporting events that he has cherished since high school that give him what little happiness he can experience given his disability.   Chenault requests that the Court grant him monetary damages in an amount of at least $100,000.

21.  Likewise, Chenault requests the Court to grant him attorney fees in being forced to pursue this action especially since the Defendants have been requested to lift their ban on his access to Sumner County School public events.  (See Exhibit B).

**WHEREFORE, PREMISES CONSIDERED, PLAINTIFF PRAYS:**

1.  That the Court accept this Complaint, process issue and the Defendants be served and required to answer;

2.  That upon a trial of this cause, the Court issue a permanent injunction against the Defendants, jointly and severally, prohibiting them from barring him from Sumner County School public events;

3.  That upon a trial of this cause, the Court grant Plaintiff a judgment for damages of at least $100,000 for the embarrassment and ridicule he has suffered as a proximate result of the actions of the Defendants;

4.  That the Court grant Plaintiff reasonable attorney fees in being forced to pursue this action;

5.  That the Defendants be required to pay the costs of this cause;

6.  For all other relief to which the Plaintiff may be entitled.

**PLAINTIFF REQUESTS A JURY OF SIX (6) TO HEAR THIS CAUSE.**

Respectfully submitted,

_____/s/_  Mark Scruggs
Mark Scruggs, 10103
Attorney for Plaintiff
95 White Bridge Pike, Ste. 513
Nashville, TN  37205
(615) 419-6154
mark@markscruggs.com

5